UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOHAMMAD ISLAM,

                Plaintiff,

-against-

ABDUL AZIZ, et al.

                Defendants.

1:25-CV-8882 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Mohammad Islam, of New York, New York, filed this *pro se* action asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981, and the Age Discrimination in Employment Act of 1967 ("ADEA"). Because Plaintiff alleges that he was not paid for his work, including overtime wages, the Court understands Plaintiff's complaint as additionally asserting claims under the Fair Labor Standards Act ("FLSA"). He sues: (1) Abdul Aziz; (2) Ayman Shehata; (3) Edwin Panchane; (4) "Ragin – Dispatch"; and (5) Ramin Islam. Plaintiff seems to allege that all of the defendants are employed where he was or is employed, at Luxury Van and Bus and Car Service ("Luxury Van"), located in Long Island City, Queens County, New York. (ECF 1, at 2-4.)

For the reasons discussed in this order, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

Under the applicable venue provision for Plaintiff's claims under Title VII, such claims may be brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would

> have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3) (Title VII's venue provision).

Plaintiff specifically alleges that he sought employment or is/was employed by the defendants at Luxury Van's location in Long Island City, Queens County, New York. (ECF 1, at 3.) While he does not specify where the unlawful employment practice was committed, where the relevant employment records are maintained and administered, or where the defendants have their principal offices, it would appear that the locations of at least some of those places would also be in Long Island City, Queens County, New York. (*See id.* at 2-6.) Queens County lies within the Eastern District of New York, *see* 28 U.S.C. § 112(c), not this judicial district.[1] In addition, Plaintiff alleges nothing to suggest that any of the locations listed in the abovementioned venue provision are found within this judicial district. Thus, the United States District Court for the Eastern District of New York, and not this court, appears to be the only proper venue for Plaintiff's claims under Title VII.

Claims under Section 1981, the ADEA, and the FLSA are governed by the general venue provision at 28 U.S.C. § 1391(b). *See Rosol v. N.Y.C. Hous. Auth.*, No. 1:25-CV-5183 (JMF), 2025 WL1808897, at *1-2 (S.D.N.Y. July 1, 2025) (Section 1981); *Holmes v. Romeo Enters., LLC*, 7:15-CV-3915 (VB), 2015 WL 10848308, at *2-3 (S.D.N.Y. Nov. 2, 2015) (FLSA and ADEA), *appeal dismissed*, 667 F. App'x 317 (2d Cir. 2016) (summary order). Under Section 1391(b), unless otherwise provided by law, a federal civil action may be brought in:

---

[1] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under that provision, a "natural person" resides in the judicial district where the person is domiciled, and any other entity with the capacity to sue and be sued, if a defendant, resides "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." § 1391(c)(1), (2).

Plaintiff does not specify where any of the defendants reside. Thus, it is unclear whether this court, under Section 1391(b)(1), is a proper venue for Plaintiff's claims under Section 1981, the ADEA, and the FLSA. Yet, because Plaintiff alleges that a significant portion of the alleged events took place at Luxury Van's location in Long Island City, Queens County, New York, which lies within the Eastern District of New York, *see* § 112(c), and not within this judicial district, it seems clear that, under Section 1391(b)(2), the United States District Court for the Eastern District of New York, and not this court, is a proper venue for Plaintiff's claims under Section 1981, the ADEA, and the FLSA.

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of

3

proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. The underlying events that are the bases for Plaintiff's claims are alleged to have taken place, in significant portion, at Luxury Van's location in Long Island City, Queens County, New York, within the Eastern District of New York, and it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for all of Plaintiff's claims, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  October 28, 2025
        New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                        Chief United States District Judge