UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

MOHAMMAD ISLAM,

Plaintiff,

-against-

ABDUL AZIZ, AYMAN SHEHATA, et al.,

Defendants.

------------------------------------x

**MEMORANDUM & ORDER**
25-CV-6169 (EK)(JRC)

ERIC KOMITEE, United States District Judge:

Plaintiff Mohammad Islam brought this action pursuant to 42 U.S.C. § 1981, alleging that his former employer, a limousine service, fired him based on his national origin. ECF No. 1. Proceeding *pro se*, Islam also filed an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). ECF No. 2. For the reasons set forth below, that application is denied without prejudice to renew.

A plaintiff seeking to proceed IFP must submit an affidavit stating "that [he] is unable to pay" filing fees "or give security therefor." 28 U.S.C. § 1915(a)(1). The court should deny an IFP application if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Denial is also appropriate when the application fails to establish the level of poverty required under the IFP statute. *See, e.g.*, *Miller v. Smith*, No. 21-CV-2949, 2021 WL 2894973, at *2 (E.D.N.Y. June 2, 2021);

*Humphrey v. U.S. Army Corps of Eng'rs*, No. 21-CV-1901, 2021 WL 1837791, at *1 (E.D.N.Y. May 7, 2021).[1]

Plaintiff's application does not satisfy the Court that he is unable to pay the filing fee. To begin, plaintiff indicates that he is incarcerated, but does not identify the institution where he is held, as the form requires. ECF No. 2 at 1. He further indicates that he "receive[s] payment from" that institution but does not state the monthly amount. *Id.* Other parts of his application are contradictory: he states that he is currently unemployed, yet reports that he earns $1,000 in monthly income. *Id.* He also reports $5,000 in savings. *Id.* On this record, the Court cannot reasonably conclude that he is unable to afford the filing fee. *See Thomas v. Bisignano*, 25-CV-6541, 2025 WL 3707832, at *1 (E.D.N.Y. Dec. 22, 2025).

Should plaintiff wish to proceed with this action, he must either (1) file a long-form IFP application within fourteen days, or (2) pay the $405 filing fee within fourteen days. If plaintiff pays the filing fee, the Clerk of Court shall issue a summons, and plaintiff must serve the summons and complaint on each defendant in accordance with Rule 4 of the Federal Rules of

---

[1] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

Civil Procedure. If plaintiff fails to pursue either option within fourteen days, the Court will dismiss the action without prejudice.

The Clerk of Court is respectfully directed to mail a copy of this Order and a long-form IFP application to the plaintiff, and note the mailing on the docket. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated: October 19, 2026
Brooklyn, New York